**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TRAYVON RON ARCEMENT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2888** |
| **SHERIFF JOSEPH LOPINTO, ET AL.** | **SECTION "H" (4)** |

<u>**REPORT AND RECOMMENDATION**</u>

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.

**I.    <u>Factual Background</u>**

The plaintiff, Trayvon Ron Arcement ("Arcement") a pretrial detainee, housed in Jefferson Parish Correctional Center filed this lawsuit against Sheriff Lopinto, Governor John Bel Edwards and former Parish President Aaron Broussard. Arcement is seeking damages against the Defendants because of the historical practice of politicians stealing federal funding which should have gone towards his education in the public school system. Rec. Doc. 1. According to Arcement, because of the Defendants' acts, he was subject to the "revolving door of incarceration." *Id*. He alleges that Aaron Broussard stole millions that could have gone to better the public school system. *Id*. Further, he alleges that Governor Edwards is currently in office and has done nothing for the public schools, nor has he reduced the recidivism rate in Jefferson Parish. *Id*.

As a result of the alleged conduct of the Defendants Arcement seeks an award consisting of educational programming in the jail for him and others. *Id*. He further seeks funding towards schools in Jefferson Parish, including a trade program instead of "just handing out convictions"

which makes it harder to get a job. *Id*. He further seeks the ability to get a GED which should be made available for pre-trial detainees. *Id*.

## II.    <u>Standard of Review for Frivolousness</u>

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915(a); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120

(5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## III.    Analysis

### A.    Sheriff Joseph Lopinto

Arcement named Sheriff Lopinto but has not asserted an allegation against him.  He alleges that he seeks educational training while being a pretrial detainee in the Jefferson Parish Jail. He does not specify whether he intended to sue Sheriff Lopinto in his official or individual capacity.

The Fifth Circuit has held that a suit against a sheriff in his official capacity is a suit against the Parish in which he sits. *See Jacobs v. W. Feliciana Sheriff's Dep't,* 228 F.3d 388, 392 (5th Cir.2000); *see also Corley v. Prator*, 290 Fed.Appx. 749, 752 (5th Cir. Aug. 25, 2008)(suit against sheriff in his official capacity "must be treated as suit against the municipality"). Thus, the Plaintiff's official capacity claim against Sheriff Lopinto is treated as a suit against Jefferson Parish.

To hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  *Id*. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. *Id*. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.  *Id*.

Additionally, a government official may also be sued in his individual (or personal) capacity. But such individual-capacity claims are restricted in one significant sense: the individual

sued must have been personally involved in the purported constitutional violation. *See Davis v. Lopinto*, 2022WL 5292451 (E.D. La. Setp.8,2022). Each government official, his or her title notwithstanding, is only liable for his or her own misconduct); *Sanchez v. Young Count*y, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations ... if they had no personal involvement.").

In this case, if Arcement, intended to pursue an official capacity claim against Lopinto, his suit does not allege the violation of a policy or custom, nor does he allege any personal involvement if he intended to sue Lopinto in his individual capacity. He seeks to have educational opportunities added to the Jefferson Parish Jail while incarcerated but does not set forth a violation that could remotely be violative of his constitutional right. Arcement has wholly failed to allege or show an underlying constitutional violation. Whether Lopinto was sued in his individual or official capacity, Arcement fails to state a claim against him for which relief may be granted.

**B.    Governor John Bell Edwards**

Arcement also names Governor John Bell Edwards as a Defendant. He alleges that Edwards, while Governor of Louisiana, has done nothing for public schools or reducing the recidivism rate in Jefferson Parish. It is unclear to the Court by the record, why Arcement has named this Defendant as a party to the instant action. Nevertheless, the Court will address Arcement's claims against Governor Edwards.

To the extent the Plaintiff sues Governor Edwards in his official capacity, state officials in their official capacities are not "persons" subject to suit under Section 1983 with respect to claims for monetary compensation. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007). Because a Section 1983 claim against a state official in his official capacity for monetary damages is actually a claim against the State itself,

such a claim is barred by the Eleventh Amendment. *Williams v. Thomas*, 169 Fed.Appx. 285, 286 (5th Cir. 2006)  Accordingly, Plaintiff's Section 1983 claims against Governor Edwards in his official capacity for monetary relief must be dismissed.

To the extent the Plaintiff brings a Section 1983 claim against Governor Edwards in his individual capacity, Plaintiff has not alleged Governor Edwards was personally involved in any of the alleged acts or omissions upon which his claims are based. Neither does Plaintiff allege that Governor Edwards had knowledge of any alleged acts or omissions.

To hold Governor Edwards liable, Plaintiff must establish that he was "personally involved in the acts causing the deprivation of [the Plaintiffs'] constitutional rights or that a causal connection exists between an act of [Governor Edwards] ... and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). Plaintiff does not allege, and therefore fails to establish, that Governor Edwards was personally involved in any acts causing the deprivation of his constitutional rights, or that a causal connection exists between any act of Governor Edwards and the alleged constitutional violations. Further, the Louisiana State Board of Elementary and Secondary Education (BESE) was established by the Louisiana Constitution with the responsibility for governing all Louisiana public schools. *See* Louisiana Constitution 1974 Article VIII. Plaintiff's claims against Governor John Bel Edwards in his individual capacity must be dismissed.

### C.    Aaron Broussard

Arcement also named Aaron Broussard, the former Parish President of Jefferson Parish. Arcement alleges that Broussard stole millions that could have gone to a better public school

system.[1] Broussard is no longer a public official. Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 98 S.Ct. 2018 (1978). Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. *Olabisiomotosho v. City of Houston.*, 185 F.3d 521, 525 n. 3 (5th Cir.1999).

Arcement's Section 1983 claims against Broussard are time-barred. Section 1983 cases are governed by the prescriptive period for tort actions of the state in which the conduct occurred . *Lawrence v. Jefferson Parish Public Defenders*, 2022 WL 16739519 (E.D. La. Nov. 7, 2022). Federal courts sitting in Louisiana have traditionally applied Louisiana Civil Code article 3492 as the relevant state statute for determining the statute of limitations. *Id*. Therefore, the statute of limitations for Section 1983 claims in Louisiana is one year. *Id*.

Broussard ceased being a Parish President in 2010. Thirteen (13) years have passed since he served as parish president. Arcement had only one (1) year from an alleged constitutional violation to assert a potential claim against Broussard. Thus, if Arcement could have stated a claim against Broussard, the time for doing so has expired. Accordingly, for the reasons articulated above, Arcement's Section 1983 claims against Broussard are time-barred and should be dismissed for failure to state a claim for which relief may be granted.

---

[1] *See U.S. v. Broussard*, 2014 WL 3489725 (E.D. La. 2014) (Broussard was indicted in December 2011 for conspiracy to commit payroll fraud, wire fraud, and theft from programs receiving federal funds.

IV.  **Recommendation**

Accordingly,

**IT IS RECOMMENDED** Trayvon Ron Arcement's § 1983 claims against the Defendants Sheriff Joseph Lopinto, Governor John Bel Edwards, and former Parish President Aaron Broussard, be **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this  28th  day of April, 2023

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.